SANDERS *v.* REED.

[No. 15,502. Filed June 15, 1937.]

*Charles A. Lowe* and *Charles B. Matson,* for appellant.

*Holder & Thompson,* for appellee.

KIME, J.—The appellant filed a complaint against appellee in one paragraph upon a promissory note. The appellee answered by general denial and in a second paragraph of answer pleaded payment, by conveyance of real estate, to which there was a reply in general denial, thus closing the issues.

There was a trial by a jury which resulted in a verdict for the appellee. The jury also answered interroga-

tories. The appellant's motion for judgment on the interrogatories and answers thereto was overruled as was a motion for a new trial. The action of the trial court thereon is assigned as error here. The grounds of the motion for a new trial were that the verdict was not sustained by sufficient evidence; that it was contrary to law and that the court erred in its rulings upon the admission and rejection of certain evidence.

The appellee has failed to file a brief and under such circumstances if the appellant presents prima facie reversible error the judgment will be reversed and remanded.

The appellee admitted all the facts necessary to entitle the appellant to recover upon the promissory note. The question then is was the plea of payment by the conveyance of real estate sustained by any competent evidence or any legitimate inferences which could be drawn from such evidence.

From the evidence most favorable to the prevailing party below it appears that the appellee owed another note, in addition to the one here in question, to a bank and that she deeded certain real estate to the bank in payment thereof. All of the *negotiations* with reference to the payment of the note held by the bank was with the cashier. The appellee testified that she *"understood"* that by deeding the real estate to the bank she was paying both notes and that she *talked* to the cashier about paying the note in suit. Yet five questions later she said she did not *know* whether the cashier talked it over with her. All the evidence without conflict is to the effect that the bank was not the agent of appellant (in fact another bank had been the agent in an attempt to collect the amount due appellant on the note held by him) ; that the appellant knew nothing of any arrangement in reference to the deeding of the above mentioned property for the purpose of paying his note and that the

appellant had not ratified such action. The appellee specifically admitted that there was no agreement with the appellant and the jury specifically found by answers to interrogatories that there was "no evidence" as to any agreement.

The interrogatories and answers were as follows:

"Interrogatory No. 1. Did James Sanders have any agreement with Gladys Reed at the time she conveyed real estate to the National Bank of Rising Sun that he would surrender and cancel the note sued upon?

"Answer. No evidence.

"Interrogatory No. 2.. If you answer interrogatory No. 1 in the affirmative then state with whom James Sanders had an agreement to surrender and cancel the note sued upon.

"Answer. No evidence.

"Interrogatory No. 3. At the time Gladys Reed conveyed certain real estate to the National Bank of Rising Sun, had she up to that time had any agreement of any kind with James Sanders for the transfer of such real estate?

"Answer. No.

"Interrogatory No. 4. Did the National Bank of Rising Sun, Indiana, at the time Gladys Reed conveyed to said Bank certain real estate have in its possession the note sued upon?

"Answer. No.

"Interrogatory No. 5. When Gladys Reed transferred certain of her real estate to the National Bank of Rising Sun and took and paid the $600.00 note then held against her by said Bank was there up to that time any agreement made between her and James Sanders that he as a part of the consideration for such conveyance of real estate was to surrender and cancel his $500.00 note?

"Answer. We the jury agree that Gladys Reed was led to believe that when the transfer of real estate took place it cancelled both the six hundred dollar note of the National Bank and the five hundred dollar note of James Sanders.

"Interrogatory No. 6. If you answer that there was an agreement made between James Sanders

and Gladys Reed that he was to surrender and cancel his note for $500.00 as a part of the transaction whereby the defendant conveyed real estate to the National Bank of Rising Sun, then state when and where Gladys Reed made any such an agreement with James Sanders?

"Answer. No evidence.

"Interrogatory No. 7. Was there any agreement between Gladys Reed and James Sanders made before she conveyed the real estate to the National Bank of Rising Sun that he was to surrender and cancel his $500.00 note in return for her deeding the real estate to the Bank?

"Answer. Same as Interrogatory No. 5.

"Interrogatory No. 8. If you answer Interrogatory No. 7 in the affirmative then state when and where James Sanders and Gladys Reed entered into such an agreement?

"Answer."

There is an irreconcilable conflict between the general verdict and the answered interrogatories. The verdict is not sustained by the evidence and is contrary to law.

Having arrived at the conclusion that more than prima facie reversible error has been presented it is unnecessary to discuss other grounds of the motion for new trial.

The judgment of the Dearborn Circuit Court is reversed with instructions to sustain appellant's motion for new trial.